## BURNETT *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted November 23, 1885.—Decided December 21, 1885.

The pension which widows are entitled to receive under the provision of Rev. Stat. § 4702, is the pension for total disability which is granted to those en-titled to receive it by Rev. Stat. § 4695.

This was an appeal from the Court of Claims. The facts are stated in the opinion of the court.

*Mr. A. L. Merriam* for appellant.

*Mr. Solicitor-General* and *Mr. John S. Blair* for appellee.

Mr. Justice Harlan delivered the opinion of the court.

By an act of Congress of March 3, 1879, 20 Stat. 665, ch. 290, the Secretary of the Interior was directed to place on the pension-roll the name of Ward B. Burnett, and pay him a pen-sion of $50 per month in lieu of the pension then received by

him.  The subsequent act of June 16, 1880, 21 Stat. 281, ch. 236, provides that all soldiers then receiving a pension of $50 per month, under the provisions of the act of June 18, 1874, entitled "An Act to increase the pension of soldiers and sailors who have been totally disabled," 18 Stat. 78, ch. 298, shall receive, in lieu of all pensions then paid to them by the United States, the sum of $72 per month ; those whose pensions were thus increased from $50 to $72 per month, to receive the difference between those sums monthly, from June 17, 1878, to the date when that act took effect.

On the 17th of July, 1882, Gen. Burnett received from the Department of the Interior a certificate showing that he was entitled to a pension "for gun-shot wounds of left leg and rheumatism" at the rate of $30 per month, to commence on the 1st of August, 1848, and $31.25 per month from June 4, 1872, and $50 per month from June 4, 1874, and $72 per month from June 17, 1878.

By an act approved July 25, 1882, 22 Stat. 174, 176, ch. 349, it is provided that no person then receiving, or who should thereafter receive, a pension under a special act, shall receive, in addition thereto, a pension under the general law, unless the special act expressly states that the pension granted thereby is in addition to the pension which such person is entitled to receive under the general law.

Gen. Burnett died on June 24, 1884, from the effect of wounds received in the war with Mexico.  The appellant, his widow, claims the same pension—$72 per month—that her husband was receiving at his death.  The Interior Department granted her a certificate for a pension at the rate of only $30 per month, to continue from June 24, 1884, during her widowhood.  Her claim for a larger pension having been denied, the matter was referred by the Department to the Court of Claims. The claimant, in her petition in that court, asked for judgment against the United States for $210, that being the difference between $30 per month and $72 per month from the date of her husband's death to the commencement of this action.  A demurrer by the government to the petition having been sustained, the case has been brought to this court.

The only question presented by the parties for our consideration is whether, under existing statutes, the widow of Gen. Burnett is entitled to the same pension that he was receiving at his death.

Section 4692 of the Revised Statutes provides that "every person specified in the several classes enumerated in 'section 4693,' who has been, since the fourth day of March, eighteen hundred and sixty-one, or who is hereafter disabled, under the conditions therein stated, shall . . . be placed on the list of invalid pensioners of the United States, and be entitled to receive for a total disability, or a permanent specific disability, such pension as is hereafter provided in such cases, and for an inferior disability, except in cases of permanent specific disability, for which the rate of pension is expressly provided, an amount proportionate to that provided for total disability, and such pension shall commence as hereinafter provided and continue during the existence of the disability."

Section 4693 specifies who shall be beneficiaries under the preceding section, among whom is "any officer of the army, including regulars, volunteers, or militia, . . . disabled by reason of any wound or injury received, or disease contracted, while in the service of the United States and in the line of duty."

Section 4695 provides that "the pension for total disability shall be . . . for lieutenant-colonels and all officers of higher rank in the military service . . . thirty dollars per month." Other sections fix the amount of pensions in cases of disabilities known as permanent specific disability and inferior disability.

It is then provided, by section 4702, that "if any person embraced within the provisions of sections forty-six hundred and ninety-two and forty-six hundred and ninety-three has died since the fourth day of March, eighteen hundred and sixty-one, or hereafter dies by reason of any wound, injury, or disease, which, under the conditions and limitations of such sections, would have entitled him to an invalid pension had he been disabled, his widow . . . shall be entitled to receive the same pension as the husband or father would have been entitled to

had he been totally disabled, to commence from the death of the husband or father, to continue to the widow during her widowhood," &c.

It would seem to be too clear for discussion that the construction which the court placed upon these statutory provisions is correct. It is not to be doubted that the words "total disability" in the pension laws has a technical signification which cannot be disregarded. And when the statute fixes $30 per month as the pension, in case of total disability, of an officer of the rank of General Burnett, and declares that his widow shall receive the same pension as her husband would have received had he been "totally disabled," there is no room left for a construction that would give her a pension in excess of that amount. If it is supposed that the law operates unjustly against the officers and soldiers who became "totally disabled" in the service, or that an unreasonable distinction is made between different kinds of disability, the remedy is with another department of the government. The courts must give effect to the intention of Congress as manifested by the statute. They cannot make, but can only declare the law.

The judgment is *Affirmed.*